# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY T. o/b/o FALAUREN T. (deceased), | ) ) ) No. 19 C 2677 |
| Plaintiff, | ) ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) ) |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Mary T. appeals the Commissioner's decision denying her now-deceased son's application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

Mr. T. filed an application for benefits on July 11, 2012 alleging a disability onset date of December 2, 2009. (R. 86.) His application was denied initially on November 20, 2012 and again on reconsideration on January 22, 2013. (R. 99, 116.) Mr. T. died on September 15, 2013. (R. 270.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 23, 2015. (R. 32-74.) On May 13, 2015, the ALJ issued a decision denying Mr. T.'s application. (R. 14-25.) Plaintiff appealed to this Court, which remanded the case to the Commissioner for further proceedings. (R. 589-90.) On December 20, 2018, after another hearing, the ALJ issued a decision again denying Mr. T.'s application. (R. 510-25.) The Appeals Council did not assume jurisdiction of the case, leaving the ALJ's 2018 decision as the final

decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner

to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that Mr. T. had not engaged in substantial gainful activity after the alleged onset date. (R. 513.) At step two, the ALJ determined that Mr. T. had had the severe impairments of "seizure disorder and cognitive disorder." (*Id.*) At step three the ALJ found that Mr. T. had not had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that Mr. Truss had been unable to perform any past relevant work but retained the residual functional capacity ("RFC") to perform work at all exertional levels "limited to simple, routine tasks requiring no more than short, simple instructions and simple, work-related decision making, with few workplace changes." (R. 515, 523.) At step five, the ALJ found that jobs had existed in significant numbers in the national economy that Mr. T. could have performed, and thus he was not disabled. (R. 524-25.)

Plaintiff argues that the ALJ improperly credited the opinion of a non-examining physician, Dr. Rozenfeld, over that of an examining[1] physician, Dr. Duncan. *See* 20 C.F.R. § 404.1527(c)(1). (stating that an ALJ is generally required "[to] give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of a medical source who has not"). The ALJ said:

> Dr. Duncan opined that the claimant appeared to have difficulties with his cognitive processing and related symptoms associated with his seizures, moderate difficulty with effectively maintaining attention and sustained concentration, moderate difficulty recalling but not understanding simple and detailed directives, and would have moderate difficulties adapting to normal work stressors. I give partial weight to this opinion . . . . However, the opinion of Dr. Rozenfeld is given greater weight. She indicated that a mild restriction in adaptation is better supported based on [Mr. T.'s] functioning and the record as a whole. Further Dr. Rozenfeld broke down the

---

[1] Plaintiff refers to Dr. Duncan as a treating physician, but the record shows that Dr. Duncan conducted a psychological consultative exam of Mr. T. but did not have a treating relationship with him. (*See* R. 432-40.)

3

> test in detail, and based her opinion on the test in context of [Mr. T.'s] functioning in the record.

(R. 522) (citations omitted).

However, the record shows that the only evidence on which Dr. Rozenfeld based her opinion was the psychological evaluation performed by Dr. Duncan, not as the ALJ said, "the record as whole." (*See id.* ("Dr. Rozenfeld stated the only evidence is the consultative exam . . . ."); *see also* R. 555 (Dr. Rozenfeld testifying that "the only evidence . . . regarding [Mr. T.'s] mental health functioning . . . [was Dr. Duncan's] . . . psych eval").) In other words, the ALJ rejected an examining doctor's opinion in favor of the opinion of a non-examining doctor that was based solely on the tests performed by the examining doctor. That was error. *See Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003) (per curiam) ("An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice."). Moreover, because the vocational expert testified that a person who needs to be given instructions more than once, as Mr. T. would have, in Dr. Duncan's view, "wouldn't be able to maintain employment," this error was not harmless. (R. 440, 571.)

The Commissioner argues that the ALJ was within her rights to rely on the opinion of Dr. Rozenfeld over that of Dr. Duncan, directing the court to *Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir. 2019) as support for its position. *Burmester* does not help the government's case. The instant case involves a faulty factual premise in the ALJ's logical reasoning – that Dr. Rozenfeld relied on "the record as a whole" in reaching her conclusion, when in fact, Dr. Rozenfeld relied exclusively on Dr. Duncan's examination. *Burmester* does not endorse the ALJ's approach in the instant case.

The Commissioner also asserts that plaintiff's argument "invites the court to reweigh the evidence itself," but that is not the case at all. The plaintiff is questioning the factual premise upon which the ALJ made her decision. Thus, we are tasked with assessing whether the reasons offered by the ALJ in reaching her conclusion are accurate. Because a reason offered by the ALJ to support her decision is simply not accurate, the case must be remanded. [2]

**Conclusion**

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [23], reverses the Commissioner's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**SO ORDERED.**                    ENTERED:   February 19, 2020

**M. David Weisman**
**United States Magistrate Judge**

---

[2] Because this issue is dispositive, the Court need not reach the other issues plaintiff raises.